J-S31039-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| ANTHONY L. KIDD, JR., | : | |
| | : | |
| Appellee | : | No. 2025 MDA 2015 |

Appeal from the Order Entered October 20, 2015
in the Court of Common Pleas of Montour County
Criminal Division at No(s): CP-47-CR-0000078-2015

BEFORE:   SHOGAN, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                   **FILED MAY 26, 2016**

The Commonwealth of Pennsylvania (Commonwealth) appeals from the October 20, 2015 order which granted the motion to suppress filed by Anthony L. Kidd, Jr. (Kidd).  We reverse the order of the suppression court and remand for proceedings consistent with this memorandum.

The suppression court summarized the underlying facts of this case as follows.

> On April 15, 2015, [Kidd] was traveling west on Interstate 80 near mile marker 223.5 where Trooper Jeremy Hoy was located in a stationary position.  As [Kidd] passed, Trooper Hoy testified that he noticed that [Kidd's] registration lamp was not illuminated….  Trooper Hoy began to follow [Kidd] and caught up to [Kidd] at approximately mile marker 220.  Trooper Hoy observed [Kidd's] vehicle hit the fog line twice and proceeded over the fog line onto the rumble strips once in the course of 1/10 to 2/10 of a mile, a purported violation of [75 Pa.C.S.] § 3309, "Driving on roadways laned for traffic."  Shortly after that [Kidd] pulled into a rest area, and at that point, Trooper

*Retired Senior Judge assigned to the Superior Court.

Hoy activated his lights to pull [Kidd] over. [Kidd] pulled over within the rest area.

Trooper Hoy approached [Kidd's] vehicle from the passenger side. [Kidd] was the driver and was the only person in the vehicle. [Kidd] already had the passenger window down, and Trooper Hoy requested [Kidd's] driver's license and other materials. Trooper Hoy asked [Kidd] from where he was coming, and [Kidd] paused before responding "Bloomsburg," which is 10-15 miles east of the location of the stop. Shortly after approaching the passenger window, Trooper Hoy detected the odor of marijuana.[1]

\*\*\*

Trooper Hoy issued a warning card for "Roadways laned for Traffic" under § 3309 and asked [Kidd] if he would consent to a search of his vehicle.

Suppression Court Opinion, 10/20/2015, at 1-3 (footnote added).

Kidd refused consent. Trooper Hoy then advised Kidd that, pursuant to **Commonwealth v. Gary**, 91 A.3d 102 (Pa. 2014), he intended to search the vehicle.[2] At that point, Kidd informed Trooper Hoy that "there was a marijuana joint in the vehicle and there was also a loaded weapon in the

---

[1] "Trooper Hoy had been introduced to the smell of marijuana in the course of his training. [The suppression court] found as a fact that Trooper Hoy recognized the smell of marijuana, and had sufficient prior experience to recognize that smell." Suppression Court Opinion, 10/20/2015, at 2.

[2] In **Gary**, our Supreme Court held that police may conduct a warrantless search of a vehicle so long as there is probable cause. 91 A.3d at 138 ("The prerequisite for a warrantless search of a motor vehicle is probable cause to search; no exigency beyond the inherent mobility of a motor vehicle is required. The consistent and firm requirement for probable cause is a strong and sufficient safeguard against illegal searches of motor vehicles, whose inherent mobility and the endless factual circumstances that such mobility engenders constitute a *per se* exigency allowing police officers to make the determination of probable cause in the first instance in the field.").

center console." N.T., 10/5/2015, at 13. Trooper Hoy then searched the vehicle, and found, in addition to the joint and gun, a backpack that contained marijuana. Subsequently, when Trooper Hoy searched Kidd's person, he found $1,001. *Id*. at 14. Based on these circumstances, Kidd was arrested and charged with a number of offenses including possession with intent to deliver.[3]

On August 5, 2015, Kidd filed a pre-trial motion to suppress the marijuana found during this search. Following a hearing, the suppression court granted the motion on authority that Trooper Hoy lacked authority to make the initial stop.[4] The Commonwealth timely filed a notice of appeal.[5] Both the suppression court and the Commonwealth have complied with Pa.R.A.P. 1925.[6]

---

[3] Kidd has a license to carry the weapon; thus, he was not charged with any offenses related to the weapon.

[4] "At the hearing, counsel for [Kidd] acknowledged that, if [the suppression court] finds as a fact that Trooper Hoy was competent and credible in his recognition of the smell of marijuana in [Kidd's] vehicle, her latter argument, that there was no probable cause to search the vehicle under [*Gary*] must fail." Suppression Court Opinion, 10/15/2015, at 2.

[5] The Commonwealth has certified that the suppression order substantially handicaps the prosecution, making this an interlocutory appeal as of right under Pa.R.A.P. 311(d).

[6] The suppression court filed its Rule 1925(a) opinion on December 29, 2015, incorporating its analysis of the issues set forth in its October 20, 2015 opinion filed with its order granting Kidd's motion to suppress.

The Commonwealth presents one issue for this Court's review: "Whether the Trooper's observations of a non-illuminated registration plate, and [Kidd's] crossing of the fog line on several occasions, were sufficient to justify a stop of [Kidd's] vehicle?" Commonwealth's Brief at 4.

We consider the Commonwealth's issue mindful of the following.

> When the Commonwealth appeals from a suppression order, this Court follows a clearly defined scope and standard of review. We consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. This Court must first determine whether the record supports the factual findings of the suppression court and then determine the reasonableness of the inferences and legal conclusions drawn from those findings.

*Commonwealth v. Gorbea-Lespier*, 66 A.3d 382, 385-86 (Pa. Super. 2013) (quotation marks and citations omitted).

Here, the Commonwealth argues that Trooper Hoy "had reasonable suspicion to stop [Kidd's] vehicle based upon the non-illuminated registration plate, probable cause to stop the vehicle upon observation of the "Roadways Laned for Traffic" violation and probable cause to conduct a warrantless search upon smelling marijuana emanating from the vehicle." Commonwealth's Brief at 18. Thus, the Commonwealth contends that we should reverse the order of the suppression court.

We begin by setting forth the relevant principles of law regarding traffic stops. The authority of a police officer to stop a vehicle is governed by 75 Pa.C.S. § 6308(b), and provides the following:

- 4 -

> Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa.C.S. § 6308(b).

In **Commonwealth v. Feczko**, 10 A.3d 1285 (Pa. Super. 2010) (*en banc*), this Court, consistent with our Supreme Court's clarification of constitutional principles under the Fourth Amendment and Article I, Section 8 of the Pennsylvania Constitution, stated with respect to § 6308(b):

> In light of our Supreme Court's interpretation of the current language of Section 6308(b), we are compelled to conclude that the standards concerning the quantum of cause necessary for an officer to stop a vehicle in this Commonwealth are settled; notwithstanding any prior diversity on the issue among panels of this Court. Traffic stops based on a reasonable suspicion: either of criminal activity or a violation of the Motor Vehicle Code under the authority of Section 6308(b) must serve a stated investigatory purpose. (footnote and citation omitted).

> \*\*\*

> Mere reasonable suspicion will not justify a vehicle stop when the driver's detention cannot serve an investigatory purpose relevant to the suspected violation. In such an instance, "it is encumbent [*sic*] upon the officer to articulate specific facts possessed by him, at the time of the questioned stop, **which would provide probable cause to believe that the vehicle or the driver was in violation of some provision of the Code**." [**Commonwealth v.**] **Gleason** [567 Pa. 111], 785 A.2d [983,] 989 [(Pa2001)] (citation omitted)[, superseded by

- 5 -

statute, Act of Sept. 30, 2003, P.L. 120, No. 24, § 17 (amending 75 Pa.C.S.A. § 6308(b))].

*Id*. at 1290–1291 (emphasis added in ***Gleason***). Accordingly, when considering whether reasonable suspicion or probable cause is required constitutionally to make a vehicle stop, the nature of the violation has to be considered. If it is not necessary to stop the vehicle to establish that a violation of the Vehicle Code has occurred, an officer must possess probable cause to stop the vehicle. Where a violation is suspected, but a stop is necessary to further investigate whether a violation has occurred, an officer need only possess reasonable suspicion to make the stop. Illustrative of these two standards are stops for speeding and DUI. If a vehicle is stopped for speeding, the officer must possess probable cause to stop the vehicle. This is so because when a vehicle is stopped, nothing more can be determined as to the speed of the vehicle when it was observed while traveling upon a highway. On the other hand, if an officer possesses sufficient knowledge based upon behavior suggestive of DUI, the officer may stop the vehicle upon reasonable suspicion of a Vehicle Code violation, since a stop would provide the officer the needed opportunity to investigate further if the driver was operating under the influence of alcohol or a controlled substance.

***Commonwealth v. Salter***, 121 A.3d 987, 992-93 (Pa. Super. 2015).

Stops for a non-illuminated license plate[7] and violation of roadways laned for traffic[8] both require probable cause. ***See id***. at 995 (holding that a

---

[7] That section governing this violation provides the following: "Every vehicle operated on a highway shall be equipped with a rear lighting system including, but not limited to, rear lamps, rear reflectors, stop lamps and license plate light, in conformance with regulations of the department. If a vehicle is equipped with a centrally mounted rear stop light, a decal or overlay may be affixed to the centrally mounted rear stop light if the decal or overlay meets all applicable State and Federal regulations." 75 Pa.C.S. § 4303(b).

[8] The section governing this violation provides, in relevant part, the following: "A vehicle shall be driven as nearly as practicable entirely within a

vehicle stopped on the basis of a non-illuminated registration plate required probable cause); ***Commonwealth v. Landis***, 89 A.3d 694, 703 (Pa. Super. 2014) (holding that a stop for a violation of section 3309 of the Motor Vehicle Code when there was "no express indication that the trooper stopped [Landis] in order to conduct additional investigations into a DUI or other impairments of his ability to drive safely," required a suppression court to analyze the stop under the probable cause standard). Thus, the issue before this Court is whether Trooper Hoy had probable cause to stop Kidd's vehicle.

The suppression court concluded that Trooper Hoy did not possess probable cause. In doing so, the suppression court relied upon only the violation of roadways laned for traffic, because that was the reason Trooper Hoy provided both to Kidd at the scene and in the initial report as to why Kidd was stopped.[9]

At both the preliminary hearing and the suppression hearing, Trooper Hoy testified that he observed Kidd was driving with a non-illuminated registration plate. ***See*** N.T. 5/21/2015, at 6 (stating that he "noticed that the registration plate light was not lit"); N.T., 10/5/2015, at 5 (stating that

_____

single lane and shall not be moved from the lane until the driver has first ascertained that the movement can be made with safety." 75 Pa.C.S. § 3309(1).

[9] The "incident report states, at item 11, under the heading of 'Reason for stop,' that Trooper Hoy stopped [Kidd] on account of failing to comply with the requirement that a driver stay within 'roadways laned for traffic.'" Suppression Court Opinion, 10/20/2015, at 3.

he "noticed that the registration light was not illuminated on [Kidd's] vehicle").

It is well-settled that "[t]he police have probable cause where the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed." *Commonwealth v. Hernandez*, 935 A.2d 1275, 1284 (Pa. 2007) (quotation and citations omitted). "We evaluate probable cause by considering all relevant facts under a totality of circumstances analysis." *Id*.

Instantly, Trooper Hoy offered two bases upon which he stopped Kidd's vehicle; however, the suppression court limited its analysis to just one. We hold that the suppression court erred in doing so. The suppression court was required to assess the "totality of the circumstances" to determine whether probable cause existed to stop Kidd's vehicle. *Hernandez*, *supra*.

Applying the appropriate probable cause standard to the facts at issue in this case, we hold the suppression court erred in granting Kidd's motion to suppress. First, we have held that observing a non-illuminated registration plate in and of itself is sufficient to establish probable cause to stop a vehicle. *Salter*, 121 A.3d at 993 (holding an officer's observing a non-illuminated registration plate provided probable cause to initiate a vehicle stop). Second, even if we did not take into account the non-illuminated

registration plate, Trooper Hoy still had probable cause to stop Kidd's vehicle for a section 3309 violation.

There is no factual dispute that Trooper Hoy saw Kidd's vehicle touch the fog line two times and go over the fog line one time far enough to reach the rumble strips. As soon as Trooper Hoy observed these occurrences, he had probable cause to stop Kidd's vehicle. **See Commonwealth v. Ibrahim**, 127 A.3d 819, 824 (Pa. Super. 2015) ("To determine whether probable cause exists, we must consider whether the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime. From a clear vantage point, Officer Marrero observed Ibrahim driving his bicycle westbound on a road that requires all traffic to proceed in the eastbound direction. No further investigation was required. The moment that Officer Marrero observed the violation, he had probable cause to stop Ibrahim.").

We are mindful that section 3309 litigation has presented a conundrum for our courts, and our case law is replete with analyzing various fact patterns and circumstances necessary to establish probable cause for a violation of this section. **See Commonwealth v. Anderson**, 889 A.2d 596 (Pa. Super. 2005) (setting forth the fact patterns of various section 3309 traffic stop cases); **see also Anderson**, 889 A.2d at 604 (Gantman, P.J.

dissenting) (noting that "this Court continues to review the numerous fact patterns in traffic stop cases **largely** by comparing the fact pattern of one case to the fact pattern of another case, which frequently leads to blurry analysis and inconsistent decisions" and suggesting that we should "review the activity alleged in light of the statutes involved, so we can reach more reliable results") (emphasis in original).

Instantly, 75 Pa.C.S. § 3309 provides that "[a] vehicle shall be driven as nearly as practicable entirely within a single lane[.]" Trooper Hoy observed Kidd deviate from this standard on three occasions. Accordingly, we hold the suppression court erred in concluding that Trooper Hoy did not have probable cause to stop Kidd's vehicle for a violation of this section.

Order reversed. Case remanded. Jurisdiction relinquished.

Judge Ott joins.

Judge Shogan concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/26/2016